Electronically FILED by Superior Court of California, County of Los Angeles on 06/13/2022 12:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV19220

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Curtis Kin

1  RICARDO ECHEVERRIA #166049
   KRISTIN HOBBS #277843
2  **SHERNOFF BIDART ECHEVERRIA LLP**
3  600 South Indian Hill Boulevard
   Claremont, California 91711
4  Phone: (909) 621-4935
5  Facsimile: (909) 625-6915

6
   Attorneys for Plaintiff
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10

11 ANDRES LOERA, an individual, BY AND          Case No.: 22STCV19220
   THROUGH HIS Guardian ad Litem,
12 MARIA LOERA,                                  **COMPLAINT AND DEMAND FOR
13                                               JURY TRIAL:**

14              Plaintiff,                       1.  BREACH OF THE IMPLIED
                                                     COVENANT OF GOOD FAITH
15     v.                                            AND FAIR DEALING

16
   GEICO CASUALTY COMPANY, a                     2.  BREACH OF CONTRACT
17 Maryland Corporation; and DOES 1
18 through 50, inclusive,
19              Defendants.                       **DEMAND FOR JURY TRIAL**

20

21

22      **COMES NOW**, Plaintiff ANDRES LOERA, an individual, BY AND THROUGH
23 HIS Guardian ad Litem, MARIA LOERA ("Loera" or "Plaintiff") to allege causes of
24 action against Defendant GEICO CASUALTY COMPANY, a Maryland Corporation
25 ("GEICO"), and DOES 1 through 50, inclusive, and each of them (hereinafter, GEICO
26 and DOES 1 through 50, inclusive, are collectively referred to as "Defendants").

27

28

COMPLAINT FOR DAMAGES

## I.   INTRODUCTION

1.   On July 28, 2017, Marvin Perrantes was involved in an automobile collision with Andres Loera that caused Loera significant personal injuries (the "Underlying Collision").

2.   At the time of the Underlying Collision, Perrantes was insured under an automobile insurance policy issued by GEICO with single person liability limits of $15,000 per person.

3.   On March 22, 2018, a personal injury lawsuit was filed by Loera, by and through his court-appointed Guardian *Ad Litem*, Maria Loera, against Perrantes and other defendants in Los Angeles Superior Court Superior Court, Case No. BC698838 ("Personal Injury Action").

4.   Following filing of the Personal Injury Action, on November 26, 2019, Loera served a California Code of Civil Procedure section 998 Offer to Compromise on Geico in the amount of $15,000. Geico did not accept this offer and pursuant to Code of Civil Procedure section 998, Loera's reasonable policy limit demand expired on Tuesday, December 31, 2019, thirty-five (35) days after it was served. Despite liability being reasonably clear and Loera's damages being far in excess of the policy limits demanded, GEICO unreasonably failed to accept the offer.

5.   The Personal Injury Action resulted in a stipulated judgment between Loera and Perrantes for $20,000,000.00, which includes a provision allowing Loera to file this action against GEICO without the need of obtaining an assignment agreement from Perrantes. Attached as Exhibit "1" to this Complaint is a true and correct copy of the agreement and stipulated judgment.

6.   GEICO's failure to accept a reasonable policy limits demand was a breach of Perrantes's insurance policy and a breach of the implied covenant of good faith and fair dealing owed to Perrantes. As a result, GEICO is liable for all damages proximately flowing from those breaches, including, but not limited to, payment of the entire stipulated judgment in the Personal Injury Action.

COMPLAINT FOR DAMAGES

SHERNOFF BIDART
ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

## II.   PARTIES

7.      Plaintiff ANDRES LOERA, by and through his Guardian ad Litem, MARIA LOERA, is an incapacitated adult and is a resident of the State of California.

8.      Defendant, GEICO CASUALTY COMPANY, is a Maryland Corporation doing business in the County of Los Angeles and State of California.

9.      At all times referenced herein, each defendant was the agent of the remaining defendants, and when acting herein, was acting within the scope and course of such agency.

10.     The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the defendants sued herein as a Doe is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this Court to amend this complaint to insert their true names when the same becomes known to plaintiff.

## III.   FACTUAL ALLEGATIONS

### A.   The GEICO Policy

11.     GEICO issued personal auto policy no. 4491-17-92-73 to Perrantes, which provided coverage to Perrantes for liability arising from the Underlying Collision (the "Policy").

12.     The Policy provided a liability coverage limit for bodily injury in the amount of $15,000 each person/$30,000 each accident.

### B.   The Underlying Collision

13.     On July 28, 2017, at around 10:00 a.m., Loera was traveling southbound on Crenshaw Boulevard, in the City of Los Angeles, in a 2000 Honda Accord bearing license plate number 4RVT213. At the same time and place Perrantes was traveling westbound on W. 75th Street in the City of Los Angeles, in a 2016 Honda Accord bearing license plate number 7STJ344.

SHERNOFF BIDART ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

COMPLAINT FOR DAMAGES

1    14.    Prior to the crash, Perrantes had rented the 2016 Honda Accord from

2    Enterprise Rent-A-Car.

3    15.    Perrantes failed to stop at a stop sign on W. 75th Street and forcefully struck

4    the front driver's side of Loera's vehicle in the intersection. As result of the severe impact,

5    both vehicles were sent careening in different directions. Loera's car struck a curb, then a

6    fire hydrant, before striking a building and coming to a rest. Perrantes's vehicle collided

7    with a curb on the south side of W. 75th street, where it then struck a parked car before

8    flipping over and colliding with a building.

9    16.    As a result of the collision, Loera sustained a catastrophic traumatic brain

10   injury, among other injuries, that has left him in a minimally conscious state ever since. He

11   requires around-the-clock care in a residential facility and has no reasonable prospect of

12   improvement in his health.

13   17.    Perrantes was arrested and prosecuted for felony reckless driving under

14   Vehicle Code section 23103(A) and 23105 with enhancements, and was convicted on

15   March 13, 2019. He was sentenced to seven years in state prison.

16   **C.    Personal Injury Action**

17   18.    On March 22, 2018, Loera filed the Personal Injury Action against Perrantes

18   and other defendants, including Enterprise Rent-A-Car, seeking damages arising out of

19   the July 28, 2017, collision.

20   19.    On June 20, 2019, during the pendency of the Personal Injury Action,

21   Loera responded to written discovery requests propounded to him from Perrantes. In

22   response to those requests, Loera disclosed to Perrantes the nature and extent of his

23   severe catastrophic injuries, including production of all of Loera's medical records for

24   the treatment he received in the ICU and in the skilled nursing facility thereafter.

25   Moreover, in response to Perrantes's discovery requests, Loera disclosed more than

26   $1,300,000.00 in past medical special damages he had incurred as a result of the

27   Underlying Collision, along with disclosure of the need for extensive life-long future

28   treatment.

COMPLAINT FOR DAMAGES

20.     Loera also sought and obtained discovery relating to his complaint for negligent entrustment against Enterprise Rent-A-Car.

**D.    Policy Limit Demand and Excess Judgment Against Perrantes**

21.     On November 26, 2019, after determining that there was no basis to recover from Enterprise Rent-A-Car, Loera served a California Code of Civil Procedure section 998 Offer to Compromise on GEICO for $15,000, plus recoverable costs under California Code of Civil Procedure section 1032 ("998 Offer"). Perrantes's Policy contains a provision requiring GEICO to make supplementary payments in addition to its Policy limits for costs levied against its insured.

22.     The 998 Offer included a line for acceptance and was served on GEICO's in-house attorneys at the Law Office of Timothy J. O'Shea, who was counsel of record for Perrantes in the Underlying Action.

23.     Pursuant to Code of Civil Procedure section 998, Loera's 998 Offer expired on Tuesday, December 31, 2019, thirty-five (35) days after it was served. Despite liability being reasonably clear and Loera's damages being far in excess of the policy limits demanded, GEICO unreasonably failed to accept the offer.

24.     As a result of GEICO's failure to accept a reasonable offer to settle within policy limits and thus protect Perrantes from an adverse judgment, Perrantes was exposed to damages far in excess of his available insurance limits.

25.     On May 18, 2022, the Personal Injury Action resulted in a stipulated judgment for $20,000,000 entered between Loera and GEICO ("Stipulated Judgment"). Pursuant to the Stipulated Judgment, following dismissal with prejudice of the Underlying Action, Loera may sue GEICO without the need for an assignment from Perrantes to recover the full value of $20,000,000 set forth in the Stipulated Judgment, less $15,000 in payments made by GEICO.

26.     Pursuant to the Stipulated Judgment, the value of the Stipulated Judgment will be treated as though it were a final judgment in the Underlying Action in this action, and accordingly, the Stipulated Judgment has begun accruing interest at a rate of

SHERNOFF BIDART
ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

1   ten percent per year from May 18, 2022 and will continue to accrue interest until the

2   judgment is paid in full.

3   **FIRST CAUSE OF ACTION**

4   **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

5       PLAINTIFF FOR A FIRST CAUSE OF ACTION AGAINST GEICO, AND DOES 1

6   THROUGH 50, INCLUSIVE, FOR BREACH OF THE IMPLIED COVENANT OF GOOD

7   FAITH AND FAIR DEALING ALLEGES:

8       27.   Plaintiff refers to each paragraph above and incorporates those paragraphs

9   as though set forth in full in this cause of action.

10      28.   Defendants breached the implied covenant of good faith and fair dealing

11  in numerous ways, including but not limited to the following:

12          a.   Unreasonably failing to accept a reasonable offer to settle within

13               available Policy limits;

14          b.   Unreasonably failing to reach a prompt, fair, and equitable

15               settlement after liability had become reasonably clear;

16          c.   Unreasonably failing to conduct a prompt, fair, balanced, and

17               thorough investigation into the claim;

18          d.   Unreasonably failing to protect Perrantes from exposure to a

19               judgment in excess of his Policy limits;

20          e.   Unreasonably failing to indemnify Perrantes against the entire

21               amount of the Stipulated Judgment;

22          f.   Unreasonably failing to give the interests of its insured at least as

23               much consideration as it gave to its own interests; and,

24          g.   Unreasonably forcing Plaintiff to file this lawsuit in order to obtain

25               Policy benefits.

26      29.   As a result of Defendants' breach of the implied covenant of good faith

27  and fair dealing, Plaintiff has suffered and continues to suffer damages, including, but

28  not limited to, indemnification and protection from the entire judgment, attorney fees

SHERNOFF BIDART
ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

1    incurred to both obtain Policy benefits and protect from exposure to the judgment,

2    consequential and economic damages.

3         30.    As a result of Defendants' breaches of the implied covenant of good faith

4    and fair dealing, Plaintiff was compelled to retain legal counsel to obtain the benefits

5    due under the Policy. Therefore, Defendants are liable to Plaintiff for those attorney fees

6    incurred by Plaintiff to obtain Policy benefits.

7         31.    Defendants engaged in this bad-faith conduct knowing that Plaintiff

8    would be harmed by the conduct. Defendants' conduct was undertaken by the

9    Defendants' officers or managing agents who were responsible for claims supervision,

10   handling, underwriting, communications, and/or decisions of the defendants. This

11   conduct was undertaken on behalf of GEICO and was part of a pattern and practice of

12   the Defendant. GEICO ratified, authorized, and approved the bad-faith conduct.

### SECOND CAUSE OF ACTION

#### (Breach of Contract)

15   PLAINTIFF FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT

16   GEICO, AND DOES 1 THROUGH 50, INCLUSIVE, FOR BREACH CONTRACT

17   ALLEGES:

18        32.    Plaintiff refers to each paragraph above and incorporates those paragraphs

19   as though set forth in full in this cause of action.

20        33.    Defendants breached the Policy when it failed to accept a reasonable

21   settlement offer within policy limits, failed to effectuate settlement, failed to reasonably

22   investigate, failed to indemnify Perrantes against the entire judgment, and failed to

23   protect Perrantes from exposure to a judgment in excess of his Policy limits.

24        34.    As a result of these breaches, Perrantes's GEICO Policy requires GEICO to

25   indemnify Perrantes for the entire amount of the judgment.

26        35.    As a result of these breaches, Perrantes's GEICO Policy requires GEICO to

27   protect Perrantes from execution of the entire amount of the judgment.

28

SHERNOFF BIDART
ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

36.    As a result of the defendants' breaches of the Policy, Plaintiff has suffered damages in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, GEICO CASUALTY COMPANY, and DOES 1 through 50, inclusive, and each of them, as follows:

1.    For payment of the entire judgment, including interest;

2.    Damages for failure to indemnify Plaintiff from the existing claims, plus interest, in a sum to be determined at the time of trial;

3.    For attorney fees, witness fees, and costs of litigation incurred by Plaintiff to obtain the GEICO Policy benefits in an amount to be determined at trial;

4.    For economic and consequential damages arising out of the Defendants' failure to provide indemnification under the GEICO Policy;

5.    Prejudgment interest pursuant to California Civil Code sections 3287, 3288, and/or 3289;

6.    For costs of suit incurred herein; and

7.    For such other and further relief as the Court deems just and proper.

DATED: June 8, 2022            SHERNOFF BIDART ECHEVERRIA LLP

By:_____

RICARDO ECHEVERRIA
KRISTIN HOBBS
Attorneys for Plaintiff

SHERNOFF BIDART ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: June 8, 2022

**SHERNOFF BIDART ECHEVERRIA LLP**

By: ______________________________

RICARDO ECHEVERRIA
KRISTIN HOBBS
Attorneys for Plaintiff

SHERNOFF BIDART ECHEVERRIA LLP LAWYERS FOR INSURANCE POLICYHOLDERS

# EXHIBIT 1

## AGREEMENT REGARDING VALUE OF CLAIM AND LITIGATION OF BAD FAITH CLAIMS

This Agreement ("Agreement") is entered into as of the date on which it is signed by the last Party to sign it (the "Effective Date"), between GEICO General Insurance Company ("GEICO") and Andres Montes-Loera, by and through his guardian ad litem Maria Montes-Loera ("Plaintiff"; collectively, the "Parties").

WHEREAS, there is litigation pending between Plaintiff and GEICO's insured Marvin Perrantes ("Perrantes") entitled *Andres Loera by and through his guardian ad litem, Maria Loera v. EAN Holdings LCC, et al.*, Los Angeles County Superior Court, Case No. BC698838 (the "Underlying Action");

WHEREAS, if the Underlying Action were to proceed to a judgment in excess of the applicable GEICO policy limits, Plaintiff might seek an assignment from Perrantes to sue GEICO for alleged bad faith failure to settle Plaintiff's claims against Perrantes within Perrantes' $15,000 GEICO policy limits; and

WHEREAS, the Parties wish to avoid the expense, uncertainty, and delay of a trial of the Underlying Action, and wish to proceed directly to litigation to resolve the issue of whether GEICO is liable for bad faith refusal to settle Plaintiff's claims against Perrantes within Perrantes' GEICO policy limit based on the Stipulated Value stated below and without the need for Plaintiff to obtain from Perrantes an assignment of rights to sue GEICO.

NOW, THEREFORE, in consideration of the mutual promises and agreements made herein, the Parties hereby enter into this Agreement.

A.     *Release of Perrantes.*  Plaintiff hereby releases and forever discharges Perrantes from any and all past, present and future claims, actions, causes of action, liabilities, debts, demands, obligations, costs, attorneys' fees, expenses, compensation, or damages of any kind or nature, known or unknown, foreseen or unforeseen, suspected or unsuspected, which Plaintiff has or may have against Perrantes arising out of the accident that occurred on July 28, 2017.  Plaintiff acknowledges that he may hereafter discover facts different from, or in addition to, those they now know or believe to be true with respect to the claims, actions, causes of action, liabilities, debts, demands, obligations, costs, attorneys' fees, expenses, compensation, or damages which are the subject of this release, and Plaintiff hereby expressly agree to assume the risk of the possible discovery of additional or different facts, and agree that this Agreement shall be and remain effective in all respects regardless of such additional or different facts.  Accordingly, Plaintiff expressly waives and relinquishes any and all rights or claims under any applicable federal or state statute, including California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

-1-

Nothing in this paragraph A releases any rights that Plaintiff has to pursue the claims against GEICO contemplated by paragraph E below.

      B.    *Dismissal with Prejudice of Underlying Action.*  Upon execution of this Agreement, Plaintiff will promptly cause the Underlying Action to be dismissed with prejudice, with each side to bear its own costs and attorneys' fees.

      C.    *Payment by GEICO Upon Dismissal.*  Within 14 days of GEICO's receipt of proof of the dismissal with prejudice of the Underlying Action, GEICO will pay the $15,000 per person policy limit of Perrantes' GEICO policy to Plaintiff, per payment instructions to be provided by Plaintiff's counsel.

      D.    *Verdict Value of Underlying Action.*  Solely for purposes of this Agreement and the further litigation contemplated by Paragraph E of this Agreement and to avoid the entry of any judgment against Perrantes, the Parties stipulate that the verdict value of Plaintiff's claims against Perrantes in the Underlying Action is $20,000,000 (the "Stipulated Value"). The Stipulated Value will be treated as though it were a final judgment in the Underlying Action for purposes of the Bad Faith Suit, defined below in paragraph "E". GEICO will not raise as a defense in the Bad Faith Suit that the Stipulated Value was not reduced to a judgment in the Underlying Action.

      E.    *Plaintiff's Right to Sue GEICO for Bad Faith Failure to Settle, Without Assignment from Perrantes.*  Following dismissal with prejudice of the Underlying Action, Plaintiff may sue GEICO – without the need for an assignment from Perrantes – to recover the full Stipulated Value, less the $15,000 payment made by GEICO pursuant to paragraph C, on the theory that GEICO violated its duty of good faith and fair dealing to Perrantes (the "Bad Faith Suit").  Plaintiff will not join any party other than GEICO in the Bad Faith Suit unless and until GEICO contends that some party other than GEICO is legally responsible for the acts alleged by Plaintiff to constitute a breach of GEICO's duty of good faith and fair dealing to Perrantes. The Parties understand and agree that, even though the claim Plaintiff will be asserting in the Bad Faith Suit belongs to Perrantes, Plaintiff may assert it against GEICO only as if he had an assignment from Perrantes to do so.

      F.    *Entire Agreement.*  The Parties represent and warrant that no Party, person, or entity has made any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce the execution of this Agreement. Each signatory hereby acknowledges that it has not executed this Agreement in reliance upon any such promise, representation or warranty.  This Agreement constitutes the entire agreement between the Parties as respects its subject matter.

      L.    *Joint Drafting.*  The Parties represent and warrant that they and their counsel have participated in the drafting and negotiation of this Agreement and, for all purposes, this Agreement shall be deemed to have been drafted jointly by the Parties, and shall not be construed against either Party on the basis of any principle or provision of law providing for construction against the drafter.  The Agreement shall be interpreted in accordance with California law.

DocuSign Envelope ID: 1E67CB35-A1EB-4EAF-A8C1-172D9CC3A0B5

     *M.*    *Modification.*  This Agreement may not be modified, terminated, or amended in any respect, except pursuant to a written instrument executed by all Parties.

     *N.*    *Understanding and Counsel.*  By signing this Agreement, the Parties acknowledge that they have read the Agreement carefully and fully and that they understand its meaning and effect.  The Parties further acknowledge that they have thoroughly discussed all aspects of this Agreement with their attorneys.

     *O.*    *Execution in Counterparts.*  This Agreement may be executed in two or more counterparts, including counterparts bearing facsimile signatures, each of which shall be deemed to be an original, but all of which shall constitute one and the same Agreement.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed:

DATED:    5/18/2022 _____

                                           DocuSigned by:

                                         *Maria Loera*
                                         41EA5728BA7A44B...

_____
Maria Montes-Loera, as Guardian ad Litem for Andres Montes-Loera

DATED: _____

_____
for GEICO General Insurance Company

    *M.*    *Modification.*  This Agreement may not be modified, terminated, or amended in any respect, except pursuant to a written instrument executed by all Parties.

    *N.*    *Understanding and Counsel.*  By signing this Agreement, the Parties acknowledge that they have read the Agreement carefully and fully and that they understand its meaning and effect.  The Parties further acknowledge that they have thoroughly discussed all aspects of this Agreement with their attorneys.

    *O.*    *Execution in Counterparts.*  This Agreement may be executed in two or more counterparts, including counterparts bearing facsimile signatures, each of which shall be deemed to be an original, but all of which shall constitute one and the same Agreement.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed:

DATED: _____

                                      _____

                                      Maria Montes-Loera, as Guardian ad Litem for Andres Montes-Loera

DATED: 5/18/2022 _____

                                      DocuSigned by:

                                      *Loren Hawes*

                                      1211F036C29D443...

                                      for GEICO General Insurance Company